# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVON R. HAYES, | |
| Plaintiff, | No. 3:11-cv-168 |
| v. | (JUDGE CAPUTO) |
| JEFFREY BEARD, *et. al.*, | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## **MEMORANDUM**

Currently before me is a Report and Recommendation in this matter by Magistrate Judge J. Andrew Smyser.  (Doc. 115.)  Such uncontested recommendations may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).  Of course, *pro se* pleadings like the one at issue are to be held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir.2009).

Therefore, while I find no clear error in the majority of Magistrate Judge Smyser's recommendation, there are two recommendations that I will reject.

First, in regard to Hayes's claim for retaliation in Part 5 of the Third Amended Complaint based upon the cell search and property confiscation, Magistrate Judge Smyser found that "the plaintiff has not alleged any facts to support his belief that defendant Shannon Pieczynski told defendant Mosier about the affidavits or that defendant Mosier

ordered the search in order to confiscate his legal materials." (Report and Recommendation at 61, Doc. 115.) While Hayes alleges only that he believes that Pieczynski informed the others to undertake the search in an effort at retaliation for filing a civil action in state court, these allegations are sufficient to allow this claim to proceed. While not highly factual allegations, the apparent temporal proximity of these events, combined with the allegation that his cell was already searched for safety and security earlier that week (Third Am. Compl. at ¶ 108, Doc. 89.), are together sufficient to support this *pro se* claim at this stage. Therefore, the retaliation claim against Defendant Pieczynski in Part 5 will be allowed to proceed.

Second, Magistrate Judge Smyser concluded that Hayes's Eighth Amendment medical claim in Part 3 against Defendant Shannon Pieczynski lacked the requisite deliberate indifference where it was alleged that she poured his medication on the ground, ignored him, and failed to get more. In particular, the Magistrate Judge found that Hayes had alleged facts to support his opinion that "Pieczynski knew that he would have headaches and stomach pain without his medication." (Report and Recommendation at 45.) This is too technical a requirement for a *pro se* litigant as it is sufficiently foreseeable that denying one's medication would cause negative physical effects. Therefore, this Eighth Amendment claim also survives this motion to dismiss.

An appropriate order follows.

| | |
|---|---|
| August 6, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |